S. Despertt
Paper No. 19

FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

National Service Industries, Inc.
v.
The Sherwin-Williams Company

Opposition No. 74,571 to application Serial No. 575,938, filed
January 2, 1986

Edward G. Fenwick, Jr. and Mason, Fenwick & Lawrence for National
Service Industries, Inc.

Robert E. McDonald and James V. Tura for The Sherwin-Williams
Company.

Before Rice, Simms and Cissel, Members.

Opinion by Cissel, Member:


        The Sherwin-Williams Company applied to register the mark
"ZIP-SHEEN" on the Principal Register for a "mechanical wheel
compound for use in polishing exterior vehicle painted surfaces in
the automotive refinishing industry," in Class 3.[1] Timely
Notice of Opposition was filed by National Service Industries,
Inc.

---

[1] Serial No. 575,938, filed January 2, 1986, claiming use since
August 25, 1981.

As grounds for the opposition opposer asserts that it has prior use and registration of the trademarks "ZIP" and "ZEP SHEEN" for goods related to those of applicant and that applicant's mark, as used with applicant's goods, so resembles opposer's marks, as registered for and used on opposer's goods, that confusion is likely.

Applicant's answer is basically a denial of opposer's allegations, except that applicant claims its own first use was in February of 1968, rather than the August 25, 1981 date of first use specified in its application. Applicant, however, did not subsequently seek amendment of the application, nor was any evidence offered to establish this.

No counterclaim for cancellation of opposer's registrations was made. Priority is therefore not an issue for our determination in light of opposer's assertion of its unchallenged and subsisting registrations. The sole issue for us to resolve in this case is the likelihood of confusion. Even if applicant were able to establish the 1968 date, that would be subsequent to opposer's first use.

Opposer took the testimony of Dr. Harold Friedman, vice president of Zep Manufacturing Co., Dr. Manuel Friedman, vice president, Research and Development of Zep Manufacturing Co., and Allen Soden, director of marketing of Zep Manufacturing Co. This company is a wholly owned subsidiary of opposer. The registrations made of record by opposer are Registration No. 707,356, the mark "ZIP" for "washing, cleaning, and polishing

preparations for automobile finishes and the like"; [2]
Registration No. 881,952, the mark "ZEP SHEEN" for "cleaning and
polishing preparation for furniture, mirrors, counter tops and for
surfaces including wood, metal, glass, plastic and the like"; [3]
and Registration No. 838,164, "ZIP WAX" for "combination washing,
cleaning and polishing preparations for automobile finishes, and
the like." [4]

Applicant took no testimony, but relies upon third-party
registrations as well as opposer's answers to certain
interrogatories. Opposer filed a brief. Applicant did not. No
oral hearing was conducted.

Based on the record before us we hold that confusion is
likely to result from registration of applicant's mark. When
these similar marks are considered in conjunction with the goods
with which they are used by the two parties, it is quite clear
that confusion as to source is likely.

As to the goods, applicant identifies its "ZIP-SHEEN"
product as essentially a polishing compound used to refinish
automobiles. This is virtually identical to opposer's polishing
preparations for automobile finishes, with which opposer uses the
mark "ZIP." Opposer's "ZIP WAX" mark also is used to identify an

---

[2] Issued to Turtle Wax, Inc. November 22, 1960; renewed; assigned
to opposer.

[3] Issued to opposer December 9, 1969; "SHEEN" is disclaimed.

[4] Issued to opposer November 7, 1967; "WAX" is disclaimed.

automotive polishing preparation. Opposer's "ZEP SHEEN" polishing preparation is used on several of the kinds of surfaces commonly found on automobiles, including mirrors, glass, plastic and metal surfaces.

The testimony indicates opposer's use of other marks incorporating "ZEP" as a prefix, such as "ZEPERFEX," "ZEP 50," "ZEP FINISH" and "ZEP FORMULA 158-E," with sales in 1984 under the various "ZEP" marks exceeding $132 million, but the registered marks identified above provide sufficient basis for sustaining the opposition.

There can be little doubt but that consumers who purchase "ZIP-SHEEN" brand automobile polishing compound could assume that the same source is also responsible for "ZEP-SHEEN" brand polishing preparation suitable for use on various parts of cars. The marks are similar in sound, appearance and meaning. Even though most ordinary consumers may not use or be particularly familiar with the power polishing equipment with which applicant's polishing compound is designed to be used, the fact is that some of these consumers would be, and the majority of the "professionals" who use applicant's product in the "automotive refinishing industry" are themselves ordinary consumers when it comes to the cleaning and polishing preparations for furniture, counter tops, and household or office surfaces of wood, metal, glass, plastic and so forth. Opposer sells these products under the mark "ZEP-SHEEN." These purchasers or prospective purchasers

4

of both opposer's and applicant's goods would be likely to assume that the similar marks indicate products from a single source. The company which markets "ZIP" and "ZIP-WAX" brand car cleaner and polish, as well as "ZEP-SHEEN" cleaning and polishing preparation would be expected to be the source of "ZIP-SHEEN" polishing compound for cars. Additionally, although applicant's car polishing compound is described as for use with the mechanical wheel polishers used in the automotive refinishing industry, opposer's cleaning and polishing preparations for auto finishes are not restricted by the terms of the identification of goods clause to include only consumer retail goods. The broad language of opposer also encompasses cleaners and polishes for use by professional refinishers. The goods are therefore legally indistinguishable.

As to the thirteen third-party registrations made of record by applicant by means of a notice of reliance, it is not clear for what purpose they are offered. Each mark incorporates "ZIP" as at least one component of the mark, but none of the marks is anything arguably similar to "ZIP-SHEEN," and the goods and services for which these marks are registered are not similar to the goods of applicant and opposer. About as close as they get is "CLIP-ZIP" for a "hand tool for removing body fastener clips used in automobiles" (Registration No. 1,411,094) and "ZIPFREEZE" for "mechanical refrigerating apparatus for boats and automobiles" (Registration No. 807,801). The existence of these registrations

5

Opp. No. 74,571

hardly proves that "ZEP" or "ZIP" is a widely used, and therefore weak component of marks for polishes. It does not even prove that the marks registered by third parties were used to an extent that the purchasing public became aware of them. It would be unreasonable to conclude that the third-party registrations made of record by applicant demonstrate that confusion is unlikely.

As stated above, the similarities between opposer's registered marks and the mark of applicant and the close relationship the goods of the parties have with each other lead us to conclude that confusion is likely. The opposition is therefore sustained.

J. E. Rice

R. L. Simms

R. F. Cissel
Members, Trademark
Trial and Appeal Board

MAR 17 1988

6